UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD GRIFFIN,

    Plaintiff,

v().                                Case No: 2:17-cv-280-FtM-38CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) ("EAJA") filed on October 2, 2018. Doc. 24. Plaintiff moves pursuant to the EAJA for an award of attorney's fees in the amount of $7,197.74. *Id.* at 1.[2] Plaintiff includes an itemization of time confirming a total of 36.6 hours of attorney time performed in 2017 and 2018

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

expended at the hourly rates of $196.25 and $201.25, respectively. *Id.* at 3, 17-19. Plaintiff states the Commissioner does not oppose the requested relief. *Id.* at 4. For the reasons stated herein, the undersigned recommends the Motion be granted.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than two million dollars at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

In this case, on July 9, 2018, the Court entered an Order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 22. Judgment was entered on July 10, 2018. Doc. 23. Plaintiff asserts that the Commissioner's position in the underlying action was not substantially justified, and that Plaintiff's net worth at the time this proceeding was filed was less than two million dollars. Doc. 24 at 2. The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate

- 2 -

exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel is requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work performed during 2017 and 2018. Doc. 24 at 2-3. Because the Commissioner does not object to the adjusted hourly rate sought and it is within the rates permitted by the EAJA, the Court recommends a finding that $196.25 for 2017 and $201.25 for 2018 are appropriate and reasonable hourly rates for those years. Plaintiff's counsel also has submitted a schedule of hours that includes an itemization of legal services performed. Doc. 24 at 17-19. After reviewing the description of the services provided, the Court also recommends a finding the time is reasonable and properly compensable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. 24) be **GRANTED**.

2. The Court award attorney's fees in the total amount of $7,197.74 to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d).

3.     If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel; and

4.     The Clerk be directed to enter judgment for Plaintiff as to attorney's fees in the amount of $7,197.74 under the EAJA, 28 U.S.C. § 2412(d).

**DONE** and **ENTERED** in Fort Myers, Florida on this 4th day of October, 2018.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record